**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ASHTON MASEK,

    Plaintiff - Appellant,

v.

PAIGE PETERSON,

    Defendant - Appellee.

No. 25-1376
(D.C. No. 1:23-CV-02908-RMR-TPO)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

## I.    INTRODUCTION

Ashton Masek was a passenger in a vehicle that Paige Peterson was driving. Following a traffic accident, Masek brought suit against Peterson raising claims of negligence and negligence per se under Colorado law. The matter proceeded to trial and the jury returned a verdict in Peterson's favor. Masek's subsequent motion for a new trial was denied.

Masek appeals the denial of her motion for a new trial, asserting the evidence was insufficient to support the jury verdict. Because the jury verdict is not clearly,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decidedly, or overwhelmingly against the weight of the evidence, the court exercises

jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** the judgment of the district

court.

## II.    BACKGROUND

Paige Peterson was driving in Denver, Colorado. Inside the vehicle were her

two friends, Ashton Masek and Addison Pierzina. When Peterson attempted to enter

a parking garage or lot located on the left side of the street, her vehicle was struck by

another vehicle.

After the incident, Masek brought suit against Peterson in Colorado state court,

raising claims of negligence and negligence per se. Peterson removed the case to the

District of Colorado, asserting diversity jurisdiction.[1]

The matter proceeded to trial. Peterson and Pierzina were among the witnesses

to testify. Recalling the moments before the crash, Peterson testified she turned on

the turn signal before "making a motion towards the left lane." App. Vol. II at 112:1-

2. Pierzina described Peterson as the most cautious driver she had seen, because

Peterson would "always look and then ask everyone if they had looked" to ensure she

was driving safely. *Id.* at 138:21-25. According to Pierzina, Peterson was exhibiting

her typical driving style the day of the crash. Pierzina, however, testified on cross-

---

[1] The parties do not dispute that 1) Masek is a citizen of New York; 2) Peterson is a citizen of Nebraska; and 3) the amount in controversy exceeds $75,0000, as based on Masek's settlement demand of $1,500,000. *See* 28 U.S.C. §§ 1332(a)(1), 1441.

examination that she did not see Peterson check the lane next to her before making the leftward maneuver towards the parking garage.

At the end of the trial, the jury was instructed to find, among other things, whether the following were proved by a preponderance of the evidence:

1. [Masek] had injuries, damages, or losses;

2. [Peterson] was negligent; and

3. [Peterson's] negligence was a cause of [Masek's] injuries, damages, or losses[2]

Included in the jury instructions was information about Denver Revised Municipal Code § 54-234(1). The jury was told § 54-234(1), as quoted below, was in effect at all relevant times:

> A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

App. Vol. I at 193. The jury was also instructed that a violation of this ordinance constituted negligence.

The jury returned a verdict in Peterson's favor. It found Masek's injuries were proved, but not Peterson's negligence or causation. Masek filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. Among her arguments was the

---

[2] Adopting a slightly different articulation as to the third required finding, the verdict form asked the jury, "Was the negligence, if any, of [Peterson] a cause of any of the injuries, damages, or losses claimed by [Masek]?" App. Vol. I at 202.

3

assertion that the jury verdict was against the great weight of the evidence. The district court denied her motion. Masek timely appealed.

## III.    DISCUSSION

Masek challenges the district court's denial of her motion for a new trial. The court reviews for abuse of discretion. *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1309 (10th Cir. 2015). "[A] court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1086 (10th Cir. 2013) (quotation omitted).

On appeal, Masek maintains the evidence presented at trial proves, by a preponderance, that Peterson was negligent. To prevail, she must establish the jury verdict to the contrary is "clearly, decidedly, or overwhelmingly against the weight of the evidence." *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250 (10th Cir. 2013) (quotation omitted). The court considers "the record evidence in the light most favorable to the prevailing party." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999).

A federal court exercising diversity jurisdiction must apply the substantive law of the forum state. *N.H. Ins. Co. v. TSG Ski & Golf, LLC*, 128 F.4th 1337, 1344 (10th Cir. 2025). As the parties agree a violation of Denver Revised Municipal Code § 54-234(1) amounts to negligence per se under Colorado law, the court assumes this to be true. That ordinance requires drivers seeking to change traffic lanes to first ascertain

4

the safety of their movement. Masek argues Pierzina's testimony unequivocally establishes Peterson's violation of § 54-234(1).

Pierzina testified she did not see Peterson check the lane next to her before she made a leftward maneuver.[3] Pierzina, however, revealed that, "right before the accident," she was "looking for a parking garage." App. Vol. II at 140:7-10. She further admitted she was not familiar with Denver. In addition, Pierzina testified she 1) never knew the other vehicle was in proximity, and 2) did not see that vehicle before the crash.

When construed in the light most favorable to Peterson, the evidence supports the inference that Pierzina, in the lead-up to the crash, may have looked away from Peterson to look for a parking garage. That inference, alongside Pierzina's testimony that Peterson was exhibiting her usual, cautious driving style before the crash plausibly supports the conclusion that Peterson could have ascertained the safety of

---

[3] On cross-examination, Pierzina had the following exchange with one of Masek's attorneys:

[Masek's Attorney]: And you never saw [Peterson] check the lane next to her before she maneuvered into that left lane; correct?

[Pierzina]: No.

[Masek's Attorney]: And I know that you and your college friends have a running joke regarding Paige and how she always looks before she switches lanes and calls out to everyone to let her know that it is clear, and that did not happen in this case; correct?

[Pierzina]: No.

App. Vol. II at 160:24-161:6.

her maneuver when Pierzina was looking for a parking garage. Furthermore, "the burden of persuasion on this matter remained at all times with" Masek. *Anaeme*, 164 F.3d at 1284. That is, it was her burden to prove, not Peterson's burden to disprove, that Peterson checked that it was safe to change lanes before doing so. *See* App. Vol. I at 187 (Jury Instruction No. 17). Thus, the jury verdict is not clearly, decidedly, or overwhelmingly against the weight of the evidence.

## IV.    CONCLUSION

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Michael R. Murphy
Circuit Judge